Adam C. Weiss (AW-5752)
THE LAW FIRM OF ADAM C. WEISS, PLLC
3 School Street, Suite 303
Glen Cove, New York 11542
(516) 277-02323 (tel)
(516) 759-2556 (fax)
Email: adam@acweisslaw.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NAKIA BOND, JULIO RODRIGUEZ, and
WILLIAM TORRES,

        Plaintiffs,

  -against-

WELPAK CORPORATION, THOMAS
RYAN, officially and individually, and
CHRISTOPHER FOX, officially and
individually,

        Defendants.
-----------------------------------------------------------X

Docket No.:
15-CV-2403 (JBW)(SMG)

**ANSWER TO FIRST AMENDED COMPLAINT WITH COUNTER-CLAIM AGAINST PLAINTIFF NAKIA BOND**

    Defendants, Welpak Corporation, Thomas Ryan and Christopher Fox (collectively "Defendants"), by their attorneys, The Law Firm of Adam C. Weiss, PLLC, hereby answer the Amended Complaint ("Complaint") in the above-captioned matter and assert a counter-claim against Plaintiff, Nakia Bond, as follows:

### NATURE OF THE ACTION

    1.    Defendants deny the allegations contained in Paragraph "1" of the Complaint.

    2.    Defendants deny the allegations contained in Paragraph "2" of the Complaint.

    3.    Defendants deny the allegations contained in Paragraph "3" of the Complaint.

    4.    Defendants deny the allegations contained in Paragraph "4" of the Complaint.

## JURISDICTION AND VENUE

5. Defendants admit the allegations contained in Paragraph "5" of the Complaint.

6. Defendants admit the allegations contained in Paragraph "6" of the Complaint.

7. Defendants deny the allegations contained in Paragraph "7" of the Complaint.

## PARTIES

8. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "8" of the Complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "9" of the Complaint.

10. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "10" of the Complaint.

11. Defendants admit the allegations contained in Paragraph "11" of the Complaint.

12. Defendants admit the allegations contained in Paragraph "12" of the Complaint.

13. Defendants admit the allegations contained in Paragraph "13" of the Complaint.

14. Defendants deny the allegations contained in Paragraph "14" of the Complaint.

15. Defendants deny the allegations contained in Paragraph "15" of the Complaint.

## STATEMENT OF FACTS

16. Defendants deny the allegations contained in Paragraph "16" of the Complaint.

17. Defendants deny the allegations contained in Paragraph "17" of the Complaint, except admit that Defendant Welpak is a moving and storage company.

18. Defendants deny the allegations contained in Paragraph "18" of the Complaint, except admit that at all times Plaintiffs punched in and out each day and Welpak Corporation created and kept contemporaneous records of Plaintiffs' hours worked.

19. Defendants deny the allegations contained in Paragraph "19" of the Complaint.

20. Defendants deny the allegations contained in Paragraph "20" of the Complaint.

21. Defendants deny the allegations contained in Paragraph "21" of the Complaint.

22. Defendants deny the allegations contained in Paragraph "22" of the Complaint.

23. Defendants deny the allegations contained in Paragraph "23" of the Complaint.

24. Defendants deny the allegations contained in Paragraph "24" of the Complaint.

25. Defendants deny the allegations contained in Paragraph "25" of the Complaint.

26. Defendants deny the allegations contained in Paragraph "26" of the Complaint, except admit that Defendant Welpak Corporation paid Plaintiffs' wages on a bi-weekly basis.

27. Defendants deny the allegations contained in Paragraph "27" of the Complaint.

28. Defendants deny the allegations contained in Paragraph "28" of the Complaint.

29. Defendants deny the allegations contained in Paragraph "29" of the Complaint.

30. Defendants deny the allegations contained in Paragraph "30" of the Complaint.

31. Defendants deny the allegations contained in Paragraph "31" of the Complaint.

32. Defendants deny the allegations contained in Paragraph "32" of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

33. Defendants repeat and reallege each and every response contained in Paragraphs "1" through "32" of this Answer with the same force and effect as if fully set forth at length herein.

34. Defendants deny the allegations contained in Paragraph "34" of the Complaint.

35. Defendants deny the allegations contained in Paragraph "35" of the Complaint.

36. Defendants deny the allegations contained in Paragraph "36" of the Complaint.

37. Defendants deny the allegations contained in Paragraph "37" of the Complaint.

38. Defendants deny the allegations contained in Paragraph "38" of the Complaint.

39. Defendants deny the allegations contained in Paragraph "39" of the Complaint.

## FIRST CAUSE OF ACTION

40. Defendants repeat and reallege each and every response contained in Paragraphs "1" through "39" of this Answer with the same force and effect as if fully set forth at length herein.

41. Defendants deny the allegations contained in Paragraph "41" of the Complaint.

42. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "42" of the Complaint.

43. Defendants deny the allegations contained in Paragraph "43" of the Complaint.

44. Defendants deny the allegations contained in Paragraph "44" of the Complaint.

45. Defendants deny the allegations contained in Paragraph "45" of the Complaint.

46. Defendants deny the allegations contained in Paragraph "46" of the Complaint.

47. Defendants deny the allegations contained in Paragraph "47" of the Complaint.

## SECOND CAUSE OF ACTION

48. Defendants repeat and reallege each and every response contained in Paragraphs "1" through "47" of this Answer with the same force and effect as if fully set forth at length herein.

49. Defendants deny the allegations contained in Paragraph "49" of the Complaint.

50. Defendants deny the allegations contained in Paragraph "50" of the Complaint.

51. Defendants deny the allegations contained in Paragraph "51" of the Complaint.

52. Defendants deny the allegations contained in Paragraph "52" of the Complaint.

53. Defendants deny the allegations contained in Paragraph "53" of the Complaint.

### THIRD CAUSE OF ACTION

54. Defendants repeat and reallege each and every response contained in Paragraphs "1" through "54" of this Answer with the same force and effect as if fully set forth at length herein.

55. Defendants deny the allegations contained in Paragraph "55" of the Complaint.

56. Defendants deny the allegations contained in Paragraph "56" of the Complaint.

57. Defendants deny the allegations contained in Paragraph "57" of the Complaint.

58. Defendants deny the allegations contained in Paragraph "58" of the Complaint.

59. Defendants deny the allegations contained in Paragraph "59" of the Complaint.

60. Defendants deny the allegations contained in Paragraph "60" of the Complaint.

### FOURTH CAUSE OF ACTION

61. Defendants repeat and reallege each and every response contained in Paragraphs "1" through "60" of this Answer with the same force and effect as if fully set forth at length herein.

62. Defendants deny the allegations contained in Paragraph "62" of the Complaint.

63. Defendants deny the allegations contained in Paragraph "63" of the Complaint.

64. Defendants deny the allegations contained in Paragraph "64" of the Complaint.

65. Defendants deny the allegations contained in Paragraph "65" of the Complaint.

### AFFIRMATIVE DEFENSES FOR EACH AND EVERY CAUSE OF ACTION

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The complaint fails to set forth a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction and/or subject matter jurisdiction of this litigation and the parties hereto.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

This action is barred by the doctrines of waiver and estoppel.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

This action is barred by the doctrine of laches.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

This action is barred by the doctrine of unclean hands.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The Defendants have fully compensated its employees for all work performed.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs, in whole or in part, are exempt from the overtime requirements of the laws cited in the complaint.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The Plaintiffs' Fair Labor Standards Act ("FLSA") claims against the Defendants are barred because the Defendants were not Plaintiffs' employer as defined under FLSA.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The Plaintiffs cannot recover liquidated damages under FLSA because, in accordance

with 29 U.S.C. §260, the Defendants at all times acted in good faith and believed that their conduct was not in violation of FLSA.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiffs could establish that the Defendants are liable under FLSA (and they cannot), the Plaintiffs' recovery must be limited because the Defendants did not act willfully.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Any act or omission on the part of the Defendants was in good faith and it had reasonable grounds for believing that such acts or omissions were not in violation of and were in conformity with FLSA, New York Labor Law, written administrative regulations, orders, rulings, approvals or interpretations of the U.S. Department of Labor and, therefore, some or all of the claims in the complaint are barred.

### AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' complaint fails to state a claim upon which liquidated damages or attorneys' fees may be awarded.

### AS FOR AN FOURTEENTH AFFIRMATIVE DEFENSE

The complaint is barred, in whole or in part, by the doctrine of payment.

### AS FOR AN FIFTEENTH AFFIRMATIVE DEFENSE

The Defendants are entitled to a set-off with respect to every Plaintiff for monies paid for any hours that a particular Plaintiff was not working.

### AS AND FOR SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claim for late payments may not be maintained as the Plaintiffs were not "manual workers" under applicable regulations of the New York State Department of Labor.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

The Plaintiffs are unable to meet the criteria necessary to maintain a class action.

**AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are unable to be brought as a class action.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

The potential class is not numerous.

**AS AND FOR AN TWENTIETH AFFIRMATIVE DEFENSE**

The questions of law or fact are not common to the potential class.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

The claims or defenses of the parties are not typical of the claims or defenses of the potential class.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

The interests of the potential class will not be fairly and adequately protected.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

The Plaintiffs are not similarly situated with those they allege are potential members of a class.

**AS FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The Plaintiffs are not an adequate representative of the putative class members.

**AS AND FOR A TWENTY- FIFTH AFFIRMATIVE DEFENSE**

There does not exist a class of persons who are similarly situated to the Plaintiffs with respect to the application of FLSA.

**AS AND FOR A TWENTY - SIXTH AFFIRMATIVE DEFENSE**

The Plaintiffs do not satisfy the prerequisites of Fed. R. Civ. P. 23 and cannot maintain a

class action.

### AS AND FOR A TWENTY- SEVEN AFFIRMATIVE DEFENSE

This action may not be maintained as a class action under Fed. R. Civ. P. 23 with respect to claims under the New York Labor Law. Upon information and belief, individual issues predominate over common issues, and the claims of the named Plaintiffs are not typical of those of other putative class members.

### AS AND FOR A TWENTY – EIGHT AFFIRMATIVE DEFENSE

This action may not be maintained as a class action under Fed. R. Civ. P. 23. Upon information and belief, the named Plaintiffs lack standing to assert injury as a result of Defendants' actions.

### AS AND FOR A TWENTY-NINE AFFIRMATIVE DEFENSE

The Plaintiffs' claim for liquidated damages under the New York Labor Law may not be maintained as a class action.

### AS AND FOR A THIRTY AFFIRMATIVE DEFENSE

The damages alleged in this action by the Plaintiffs, if any were in fact sustained, were caused by the acts or omissions of others, including the Plaintiffs, for which the Defendants have no legal responsibility or culpability.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages were not proximately caused by any conduct on behalf of the Defendants.

### AS AND FOR A THIRTY- SECOND AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, as a result of the Plaintiffs' own wrongful and dilatory conduct and their own actions or inactions.

### AS AND FOR A THIRTY- THIRD AFFIRMATIVE DEFENSE

Plaintiffs are precluded from receiving any relief by virtue of their own fraudulent conduct.

### AS AND FOR A THIRTY- FOURTH AFFIRMATIVE DEFENSE

The Defendants reserve the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the Plaintiffs' claims. These additional defenses cannot be articulated at this time due to the Plaintiffs' failure to properly describe its claims with sufficient particularity in the complaint.

### AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

### COUNTER-STATEMENT OF FACTS

66. In or about June 2013, Counter-Defendant, Nakia Bond, without Counter-Plaintiffs' knowledge or consent, began utilizing company credit cards for his own personal purposes unrelated to his work for Counter-Plaintiffs.

67. From in or about June 2013 to April 2014, Counter-Defendant utilized company credit cards for purchases on a regular basis, for varying amounts, without Counter-Plaintiffs' knowledge or consent.

68. Counter-Defendant never told any of the individual Counter-Plaintiffs that he was using the company cards for personal expenses.

69. Counter-Defendant never received approval or consent from any of the individual Counter-Plaintiffs to utilize the company cards for personal expenses.

70. Counter-Plaintiffs sustained damages of over $7,000 as a result of Counter-Defendant's unauthorized use of company credit cards.

71. As a result of Counter-Plaintiffs' discovery of Counter-Defendant's actions

above, Counter-Plaintiffs terminated Counter-Defendant's employment.

72. After Counter-Defendant's termination, he filed a claim for unemployment insurance benefits.

73. Counter-Plaintiffs challenged Counter-Defendant's unemployment insurance benefits claim upon various bases, including the aforementioned unauthorized use for company credit cards.

74. After reviewing the parties' respective submissions, Counter-Defendant was found to be ineligible for unemployment benefits based on misconduct.

75. After receiving the initial determination, Counter-Defendant requested a hearing.

76. Ultimately, the New York State Unemployment Insurance Appeal Board sustained the initial determination and denied Counter-Defendant's benefits claim.

### **AS AND FOR FIRST COUNTERCLAIM – CONVERSION**

77. Counter-Plaintiffs repeat and re-allege each and every allegation set forth in 66 through 76 hereof as if fully set forth at length herein.

78. Counter-Plaintiffs had clear legal ownership and right to possession of the monies spent by Counter-Defendant at the time of the conversion.

79. Counter-Defendant's conversion of the funds was committed by the willful and egregious act of using Counter-Plaintiffs' credit cards for his own personal purposes without their consent and is thus a wrongful act and/or disposition of Counter-Plaintiffs' rights to those funds.

80. Counter-Defendant acted with malice, ill will, disregard of Counter-Plaintiffs' rights, and recklessness.

81. As a direct and proximate result of the conversion of these monies by Counter-Defendant, Counter-Plaintiffs have sustained damages.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint, with prejudice, awarding them as Counter-Plaintiffs damages, interest, and punitive damages as to their counterclaim against Counter-Defendant in an amount to be proven at trial, and awarding Defendants' attorneys' fees, costs and disbursements of this action, and such other and further relief as this Honorable Court deems just, equitable and proper.

Dated: December 2, 2015
      Glen Cove, New York

Respectfully submitted,

_____
Adam C. Weiss (AW-5752)
THE LAW FIRM OF ADAM C. WEISS, PLLC
3 School Street, Suite 303
Glen Cove, New York 11542
(516) 277-2323 (tel)
(516) 759-2556 (fax)
Email: adam@acweisslaw.com

*Attorneys for Defendants/Counter-Plaintiffs*