UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAKIA BOND, JULIO RODRIGUEZ and WILLIAM TORRES,<br><br>*Plaintiffs*,<br><br>-against-<br><br>WELPAK CORPORATION, THOMAS RYAN, officially and individually, and CHRISTOPHER FOX, officially and individually,<br><br>*Defendants*. | Docket No.: 1:15-cv-2403 (JBW)<br><br>**WAGE-RELATED**<br>**SETTLEMENT AGREEMENT**<br>**AND**<br>**RELEASE** |

This Wage-Related Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs, JULIO RODRIGUEZ, CHRISTOPHER JAZCZAK and JASON SINGH ("Plaintiffs") on the one hand and WELPAK CORPORATION and THOMAS RYAN ("Defendants"), on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No 1:15-cv-2403 (JBW)(SMG). (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws against Defendants;

WHEREAS, Defendants vigorously defended the Litigation, and asserted that the overtime claims had no merit because the Plaintiffs were exempt from the federal and state overtime laws;

WHEREAS, the Litigation resulted in a jury trial, which resulted in a split verdict;

WHEREAS, on the one hand, the jury found that Plaintiffs, Nakia Bond and William Torres, were indeed exempt under the Federal Motor Carrier Act and awarded them nothing.

WHEREAS, the Court also dismissed the claims of Plaintiff, Gordon Ison, who failed to appear at trial;

WHEREAS, the Court also dismissed the claims against Defendant, Christopher Fox;

WHEREAS, on the other hand, the jury concluded that Defendants failed to establish that Plaintiffs, Julio Rodriguez and Christopher Jazczak, were exempt under the Federal Motor Carrier Act and awarded them $3,561 and $928, respectively;

WHEREAS, the jury also found that the Defendants failed to establish that Plaintiff Jason Singh was exempt under the Executive Exemption and awarded him $1,831.

WHEREAS, in a subsequent attorneys' fees application, the Court awarded Plaintiffs' counsel $29,925 in attorneys' fees and costs;

WHEREAS, Defendants filed an appeal in the United States Court of Appeals for the Second Circuit, Appeal Docket No.: 17-4136 (hereinafter "the Appeal"), alleging, among other things, errors by the District Court at trial; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation and appeal;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full and complete settlement and final satisfaction of Plaintiffs' claims and potential claims against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Sixteen Thousand Five Hundred Dollars ($16,500.00) (the "Settlement Amount") to be paid to Plaintiffs or their agents or attorneys in TWO (2) installments. The payments shall be made payable to "David C. Wims, Esq., as Attorney for Plaintiffs". An IRS Form 1099 will be issued to The Law Office of David Wims for this payment. The Taxpayer Identification Number for The Law Office of David Wims is 36-3768598 [handwritten].

(a) Installment One: Eight Thousand Two Hundred and Fifty Dollars ($8,250) by money order or company check made payable to " David C. Wims, Esq., as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel for deposit no later than fifteen (15) days after the Court's approval of this agreement.

(b) Installment Two: A money order or company check in the amount of Eight Thousand Two Hundred and Fifty Dollars ($8,250) by money order or company check made payable to " David C. Wims, Esq., as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel within thirty (30) days after Installment One.

(c) The Settlement Amount represents payment in full to Plaintiffs Julio Rodriguez, Christopher Jazczak, and Jason Singh for the identical amounts awarded to them by the jury, $3,561, $928, and $1,831, respectively, and a compromised award of $10,180 in costs, disbursements and attorneys' fees to Plaintiffs' counsel.

(d) All payments set forth above shall be delivered to the office of The Law Office of David Wims to the attention of David S. Wims, Esq., 1430 Pitkin Ave., 2nd Floor, Brooklyn, New York 11233.

2(a).   No later than fifteen (15) days after the Court's approval of the Agreement, the Parties shall file with the District Court and Appellate Court, the forms set forth in Exhibits A and B to this Agreement to dismiss the Litigation, with prejudice.

(b)   In the event that the Settlement Amount is not paid by the payment date set forth in paragraph 1 above, on its respective payment date, Plaintiffs shall serve a written notice ("Default Notice") upon counsel for the Defendants by electronic mail, and the Defendants shall have ten (10) days from the date of receipt of the Default Notice to cure the default by making such payment. Upon Defendants' failure to cure a default within five (5) days of delivery of the Default Notice, counsel for Plaintiffs may immediately notify the Court of Defendants' breach and failure to cure, and the parties agree that in such an event, any and all remaining installments shall be immediately due and owing. Plaintiffs shall be entitled to initiate an action against Defendants, jointly and severally, to seek attorneys' fees and costs incurred as a result of Defendants' breach.

(c).   Plaintiffs shall be solely responsible for any taxes resulting from payments received under the Agreement, and in the event of an audit of Defendants by any taxing authority regarding payments to any Plaintiffs in this Agreement, such Plaintiffs shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement.

3.   <u>Release and Covenant Not To Sue</u>:   In consideration of the promises and undertakings set forth in this Agreement, Plaintiffs hereby unconditionally and irrevocably releases, waives, discharges and gives up any and all Claims (as defined below) that Plaintiffs have or may have against Defendants, its past and present successors, assigns, affiliated entities, and their respective past and present owners, directors, officers, agents, managers, employees, insurers, and attorneys, included, but not limited to all named defendants in the Action (together "Defendant Releasees"). "<u>Claims</u>" means any past and present matters, claims, demands, causes of action, and appeals of any kind--whether at common law, pursuant to statute, ordinance or regulation, and whether arising under federal, state, local or other applicable law--that concern or relate to minimum wage and/or overtime pay, wage payments, failure to pay for all hours worked, failure to provide wage statements and/or wage notices, failure to keep appropriate timekeeping and payroll records, or otherwise arise out of or relate to the facts, acts, transactions, occurrence, events or omissions alleged in the Action or which could have been alleged in the Action ("Released Wage-Related Claims"). The Released Wage-Related Claims include claims under the Fair Labor Standards Act, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor Law §§ 190 et seq., the New York Department of Labor regulations, 12 N.Y.C.R.R. part 142, and all other statutes and regulations related to the foregoing.

4.   <u>No Admission of Wrongdoing</u>:   This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order. This Agreement compromises disputed claims.

3

5.   Dismissal of the Litigation: Plaintiffs shall file, no later than fifteen (15) days after the Court's approval of the Agreement, Stipulations of Dismissal with Prejudice (in the form of Exhibits A and B, attached hereto, which is incorporated to this agreement by reference) with the respective Courts in this action. In the event that additional documentation is needed to terminate the Litigation, Plaintiffs shall execute and submit all documents required to terminate such proceedings.

6.   Mutual Non-Disparagement: The parties agree that they will not engage in any conduct that is injurious to the reputation and interests of each other, including publicly disparaging (or inducing or encouraging others to publicly disparage), denigrating or criticizing one another regarding any subject matter, including without limitation those that are relevant to the instant proceedings and the settlement of the Litigation.

7.   Response to Subpoena:   Plaintiffs agree that, in the event any of them are subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding or otherwise) which in any way relates to the Defendants, their prior employment with Defendants, or to any subject matter relevant to the instant proceedings and the settlement of this matter, such Plaintiffs, will give prompt notice of such request to Defendants and, if possible, will make no disclosure until Defendants have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

8.   Court Approval:   This Agreement shall not be binding without Court approval of the settlement terms.

9.   Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by the Parties.

10.   Acknowledgment:   The parties acknowledge that they have been fully and fairly represented by counsel in this matter.

Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

11.   Notices:   Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing, email, or facsimile transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:
   *C.*
David S. Wims, Esq.
The Law Office of David Wims
1430 Pitkin Ave., 2nd Floor
Brooklyn, New York 11233
Telephone: (646) 393-9550

4

Fax (646) 39309552
dwims@wimslaw.com

To Defendants:

Adam C. Weiss, Esq.
The Law Firm of Adam C. Weiss, PLLC
3 School Street, Suite 303
Glen Cove, NY 11542
Telephone: (516) 277-2323
Facsimile: (516) 759-2556
adam@acweisslaw.com

12. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enforce this Agreement.

13. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

14. <u>Counterparts</u>: To signify their agreement to the terms of this Wage-Related Settlement Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: 3/19/18                                   *Julio Rodriguez* (signature)
                                                 **JULIO RODRIGUEZ**

STATE OF NEW YORK )
                  )SS.:
COUNTY OF Kings   )

On 3/19, 2018 before me personally came to me **JULIO RODRIGUEZ** known and known to me to be the individual described in, and who executed the foregoing Wage-Related Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

[Notary stamp: DAVID C. WIMS, NOTARY PUBLIC, STATE OF NEW YORK, Registration No. 02WI6167747, Qualified in Kings County, Commission Expires August 16, 20__]

                                                 _____
                                                 Notary Public

Dated: _____                    _____
                                                 **CHRISTOPHER JAZCZAK**

STATE OF NEW YORK )
                  )SS.:
COUNTY OF         )

On _____, 2018 before me personally came to me **CHRISTOPHER JAZCZAK** known and known to me to be the individual described in, and who executed the foregoing Wage-Related Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

                                                 _____
                                                 Notary Public

Dated: _____                    _____
                                                 **JASON SINGH**

STATE OF NEW YORK )
                  )SS.:
COUNTY OF         )

On _____, 2018 before me personally came to me **JASON SINGH** known and known to me to be the individual described in, and who executed the foregoing Wage-Related Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

                                                 _____
                                                 Notary Public

6

Dated: _____      _____
                            **JULIO RODRIGUEZ**

STATE OF NEW YORK  )
                   )SS.:
COUNTY OF          )

On _____, 2018 before me personally came to me **JULIO RODRIGUEZ** known and known to me to be the individual described in, and who executed the foregoing Wage-Related Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

                            _____
                            Notary Public

Dated: 3/21/18              *Christopher Jazcyak* (signed)
                            **CHRISTOPHER JAZCZAK**

STATE OF NEW YORK  )
                   )SS.:
COUNTY OF  Kings   )

On 3/21/18, 2018 before me personally came to me **CHRISTOPHER JAZCZAK** known and known to me to be the individual described in, and who executed the foregoing Wage-Related Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

[Notary stamp: DAVID C. WILMS, NOTARY PUBLIC, STATE OF NEW YORK, Registration No. 02WI6107747, Qualified in Kings County, Commission Expires August 18, 2020]

                            _____
                            Notary Public

Dated: _____      _____
                            **JASON SINGH**

STATE OF NEW YORK  )
                   )SS.:
COUNTY OF          )

On _____, 2018 before me personally came to me **JASON SINGH** known and known to me to be the individual described in, and who executed the foregoing Wage-Related Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

                            _____
                            Notary Public

6

Dated: _____     _____
                                  **JULIO RODRIGUEZ**

STATE OF NEW YORK    )
                     )SS.:
COUNTY OF            )

On _____, 2018 before me personally came to me **JULIO RODRIGUEZ** known and known to me to be the individual described in, and who executed the foregoing Wage-Related Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

                                  _____
                                  Notary Public

Dated: _____     _____
                                  **CHRISTOPHER JAZCZAK**

STATE OF NEW YORK    )
                     )SS.:
COUNTY OF            )

On _____, 2018 before me personally came to me **CHRISTOPHER JAZCZAK** known and known to me to be the individual described in, and who executed the foregoing Wage-Related Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

                                  _____
                                  Notary Public

Dated: 3/20/18                    _____
                                  **JASON SINGH**

STATE OF NEW YORK    )
                     )SS.:
COUNTY OF Kings      )

On 3/20/18, 2018 before me personally came to me **JASON SINGH** known and known to me to be the individual described in, and who executed the foregoing Wage-Related Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

[Notary stamp: DAVID C. W___, NOTARY PUBLIC, STATE OF NEW YORK, Registration ___, Qualified in Kings County, Commission Expires August 18, 20__]

                                  _____
                                  Notary Public

6

Dated: 3/27/18

_____
THOMAS RYAN, Individually and as Owner
and President of WELPAK CORPORATION

STATE OF NEW YORK   )
                    )SS.:
COUNTY OF Queens    )

On March 27, 2018 before me personally came to me **THOMAS RYAN** known and known to me to be the individual described in, and who executed the foregoing Wage-Related Settlement Agreement and Release, individually and on behalf of WELPAK CORPORATION, and duly acknowledged to me that he executed the same.

_____
Notary Public

ADAM C. WEISS
Notary Public, State of New York
No. 02WE6135919
Qualified in Nassau County
Commission Expires April 20, 20 20

7

| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK** | EXHIBIT A |
| NAKIA BOND, JULIO RODRIGUEZ and WILLIAM TORRES,<br><br>*Plaintiffs*,<br><br>-against-<br><br>WELPAK CORPORATION, THOMAS RYAN, officially and individually, and CHRISTOPHER FOX, officially and individually,<br><br>*Defendants*. | Docket No.: 1:15-cv-2403 (JBW)<br><br>**STIPULATION OF**<br>**VOLUNTARY DISMISSAL**<br>**WITH PREJUDICE** |

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties, that the Complaint and any and all claims that were asserted in this action by any party are hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees.

Date:   Brooklyn, New York
        March 21, 2018

_____           _____
David C. Wims, Esq.                 Adam C. Weiss, Esq.
The Law Office of David Wims        The Law Firm of Adam C. Weiss, PLLC
1430 Pitkin Ave., 2nd Floor         3 School Street, Suite 303
Brooklyn, New York 11233            Glen Cove, NY 11542
Telephone (646) 393-9550            Telephone: (516) 277-2323
Facsimilie (646) 393-9552           Facsimile: (516) 759-2556
dwims@wimslaw.com                   adam@acweisslaw.com

*Attorneys for Plaintiffs*           *Attorneys for Defendants*

8

UNITED STATES COURT OF APPEALS
FOR THE
SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the ____ day of _____, two thousand and _____,

Bond v. Welpak Corporation

**STIPULATION**
Docket Number: 17-4136

The undersigned counsel for the parties stipulate that the above-captioned case is withdrawn with prejudice without costs and without attorneys' fees pursuant to FRAP 42(b).

Date: 3/8/18

_Adam C. Weiss_
Attorney for Appellant

Adam C. Weiss, Law Firm of Adam C. Weiss, PLLC
Print Name and Firm

Date: 3/21/18

_[signature]_
Attorney for Appellee

David C. Wims, Law Office of David Wims
Print Name and Firm